UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONROE JONES,<br>Reg. No. 93230-298,<br>CDCR #E-87902,<br><br>        Plaintiff,<br><br>vs.<br><br>FEDERAL CORRECTION CENTER MEDICAL DEPARTMENT, et al.,<br><br>        Defendants. | Case No.: 20-CV-1385 JLS (BLM)<br><br>**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g); (2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND (3) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>(ECF Nos. 2, 4) |

  Plaintiff Monroe Jones, while he was detained at the Metropolitan Correctional Center ("MCC") in San Diego, California, but who since has been transferred to the El Centro Detention Facility in El Centro, California,[1] filed a civil rights complaint invoking

---

[1] Plaintiff's first notice of change of address, included as part of his Motion for a Temporary Restraining Order ("TRO"), noted he had been transferred from MCC to the San Luis Regional Detention Center in Arizona. *See* ECF No. 4 at 1. However, Plaintiff has since filed a second notice of change of address indicating a subsequent transfer to the El Centro Detention Facility. *See* ECF No. 5 at 1.

federal question and statutory jurisdiction pursuant to both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Complaint ("Compl.," ECF No. 1) at 1. Plaintiff seeks monetary damages and injunctive relief against MCC's Medical Department, a doctor, a counselor, and several unidentified Doe Defendants, based on claims that they failed to adequately treat his asthma, high blood pressure, acid reflux, and digestive tract ailments after he was arrested and detained there pending criminal charges from June 11, 2020, through July 13, 2020. *Id*. at 3–5.[2]

Plaintiff did not pay the civil filing fee required by 28 U.S.C. § 1914(a) to commence this action; instead, he filed a Motion to Proceed *in Forma Pauperis* ("IFP"). *See* ECF No. 2. He has since filed a Motion for a TRO, which challenges his interim transfer from MCC to the San Luis Regional Detention Center sometime in August 2020. *See* ECF No. 4 at 1.

**MOTION TO PROCEED *IN FORMA PAUPERIS***

**I.      Legal Standard**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

/ / /

---

[2] Plaintiff acknowledges previously having been incarcerated at San Quentin State Prison from "1991 through 1996." *See* Compl. at 4.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) [hereinafter "*Cervantes*"] (holding that, under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal "'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When . . . presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido,* 928 F.3d. 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051– 52 (noting § 1915(g)'s exception for IFP complaints that "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

/ / /

## II.   Analysis

The Court has reviewed Plaintiff's Complaint and finds it contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as described above, Plaintiff claims officials at MCC failed to personally screen or adequately treat him for various medical conditions, including asthma, high blood pressure, acid reflux, and a previously diagnosed bladder tumor, during a thirty-day period beginning on June 11, 2020. *See* Compl. at 3–6. These allegations do not plausibly suggest Plaintiff was subject to imminent physical injury, was subject to impending harm, or faced any viable or immediate health-related emergency at the time he filed the Complaint.

Plaintiff's allegations amount to a what appears to be a difference of opinion as to how quickly or thoroughly MCC officials evaluated and addressed his various and long-standing medical ailments immediately following his arrest. *See e.g., Balzarini v. Lewis*, 2015 WL 2345464, at *8 (E.D. Cal. May 14, 2015) (finding plaintiff's disagreement with prison medical personnel about the course or adequacy of treatment he was receiving insufficient to establish imminent danger); *Thomas v. Ellis*, 2015 WL 859071, at *3 (N.D. Cal. Feb. 26, 2015) (finding allegations showing prisoner was receiving medical treatment for his chronic pain but disagreed with the type of medication the medical staff was prescribing insufficient to show an imminent danger of serious physical injury); *Stephens v. Castro*, 2006 WL 1530265, at *1 (E.D. Cal. May 31, 2006) (disagreement with prison personnel about course of treatment does not establish an imminent danger of serious physical injury under § 1915(g)); *Stewart v. Lystad*, 2016 WL 6816278, at *3 (W.D. Wash. Oct. 14, 2016) (finding prisoner's claims of "intractable" foot pain, and an alleged inability to "work out, fall asleep, work, stand for long periods or walk long distances," insufficient to satisfy § 1915(g)'s exception based on "imminent danger"), *report and recommendation adopted*, 2016 WL 6805339 (Nov. 17, 2016).

And, while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in

some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Therefore, this Court takes judicial notice of its own records, together with the docket proceedings of other federal courts available on PACER, and finds that Plaintiff Monroe Jones, currently identified as BOP Register No. 93230-298, and previously identified as CDCR Inmate #E-87902, while incarcerated, has had at least eleven prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Those prior dismissals are as follows:

> (1) *Jones v. Hennssey*, Civil Case No. 3:90-cv-3067 JPV (N.D. Cal.): March 1, 1991 Order dismissing case for failure to state a claim upon which relief can be granted (ECF No. 2) (strike one);
>
> (2) *Jones v. State of California, et al.*, Civil Case No. 3:90-cv-3293 JPV (N.D. Cal.): March 18, 1991 Order dismissing case for failure to allege a violation of either federal law or the Constitution (ECF No. 3) (strike two);
>
> (3) *Jones v. San Francisco County, et al.*, Civil Case No. 3:90-cv-3440 JPV (N.D. Cal.): April 8, 1991 Order dismissing case for failure to state a claim (ECF No. 2) (strike three);
>
> (4) *Jones v. Hennsely*, Civil Case No. 3:90-cv-3592 JPV (N.D. Cal.): April 8, 1991 Order dismissing case for failure to state a claim (ECF No. 2) (strike four);

///

(5) *Jones v. Vasquez, et al.*, Civil Case No. 3:91-cv-2408 JPV (N.D. Cal.): Oct. 15, 1991 Order dismissing Plaintiff's claim for relief under 42 U.S.C. § 1983 and dismissing case (ECF No. 3) (strike five);

(6) *Jones v. Vasquez, et al.*, Civil Case No. 3:91-cv-4136 MHP (N.D. Cal.): Feb. 28, 1992 Order granting defendant's motion to dismiss and dismissing claim for deliberate indifference with prejudice (ECF No. 9); and June 15, 1993 Certified Copy of USCA Order affirming decision of district court (ECF No. 22) (strike six);

(7) *Jones v. Vasquez, et al.*, Civil Case No. 3: 92-cv-251 JPV (N.D. Cal.): March 2, 1992 Order dismissing action with prejudice due to complaint's failure to state a constitutional claim (ECF No. 2) (strike seven);

(8) *Jones v. Law Librarian Folsom State Prison*, Civil Case No. 2:92-cv-492 DFL (GGH) (E.D. Cal.): Jan. 20, 1993 Order adopting findings and recommendations regarding dismissal of complaint for failing to state access to courts claim (ECF No. 14); and *Jones v. Law Librarian Folsom State Prison*, 999 F.2d 543, 1993 WL 2684485, at *1 (9th Cir. 1993): unpublished table opinion affirming district court's dismissal (strike eight);

(9) *Jones v. Joiner*, Civil Case No. 2:95-cv-229 WBS (GGH) (E.D. Cal.): Sept. 18, 1995 Order adopting report and recommendation that complaint be dismissed as frivolous and dismissing case with prejudice (ECF No. 5) (strike nine);

(10) *Jones v. White*, Civil Case No. 2:95-cv-308 EJG (GGH): Aug. 9, 1995 findings and recommendations that action be dismissed as frivolous (ECF No. 8); and Oct. 23, 1995 Order adopting findings and recommendations in full (ECF No. 9) (strike ten); and

(11) *Jones v. Gomez*, Civil Case No. 3:95-cv-3626 J (CGA) (S.D. Cal.): Sept. 17, 1996 Order granting motion to dismiss per Fed. R. Civ. P. 12(b)(6) (ECF No. 12); and March 12, 1997 certified copy of judgment from USCA dismissing appeal (ECF No. 16) (strike eleven).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least eleven "strikes" as defined by § 1915(g) and fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[3]

## CONCLUSION

For the foregoing reasons, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g), and therefore **DENIES** his Motion for a TRO as moot (ECF No. 4);

(2) **DISMISSES** this civil action *sua sponte* without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] The Court further notes that Plaintiff has previously been denied leave to proceed IFP or has had his permission to proceed IFP revoked pursuant to 28 U.S.C. § 1915(g), both in this District as well as in others. *See e.g., Jones v. Wood, et al.*, Civil Case No. 3:99-cv-2277 BTM (LSP) (S.D. Cal.) (Dec. 15, 1999 Order denying motion to proceed IFP and dismissing case without prejudice pursuant to 28 U.S.C. § 1915(g)) (ECF No. 3)); *Jones v. Briggs, et al.*, 1:05-cv-01277-LJO-SMS (E.D. Cal.) (Nov. 12, 2008 Order finding Plaintiff ineligible to proceed IFP (ECF No. 22)); *Jones v. Vasquez, et al.*, Civil Case No. 1:07-cv-00677-BLW (E.D. Cal.) (March 31, 2010 Order revoking Plaintiff's IFP status and dismissing case without prejudice (ECF No. 24)); *Jones v. Vivas, et al.*, Civil Case No. 3:12-cv-03062-THE (N.D. Cal.) (Aug. 9, 2012 Order to show cause why Plaintiff's IFP status should not be denied and action dismissed pursuant to 28 U.S.C. § 1915(g) (ECF No. 5)); *id.* (March 19, 2013 Order of dismissal (ECF No. 13)).

1      (3) **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to
2 28 U.S.C. § 1915(a)(3); and
3      (4) **DIRECTS** the Clerk of the Court to close the file.
4      **IT IS SO ORDERED**.

Dated: November 25, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge